[Crim. No. 4716.   Second Dist., Div. Three.   Jan. 2, 1952.]

THE PEOPLE, Respondent, v. ROBERT PHILLIP FOLEY, Appellant.

Joseph T. Forno for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was accused in count I of violating section 337a, subdivision 2, of the Penal Code, in, that he unlawfully kept and occupied a room with paraphernalia for the purpose of recording bets on horse races. In count II he was accused of violating subdivision 4 of said section, in that, he unlawfully recorded a bet on a horse race. Trial by jury was waived. He was adjudged guilty on both counts. His motion for a new trial was denied. Probation was granted and proceedings were suspended. The notice of appeal recites that he appeals from the judgment, verdict, sentence, and the "denial" of his motion for a new trial. Since there is no judgment or sentence, the purported appeals from judgment and sentence will be dismissed. Since an appeal from a verdict is not authorized (*People* v. *D'Elia,* 73 Cal.App.2d 764, 766 [167 P.2d 253]), the purported appeal therefrom will be dismissed.

Appellant contends that the evidence is insufficient to support the conviction.

By stipulation the case was submitted upon the testimony and stipulations shown in the transcript of the preliminary examination, the exhibits referred to therein, and the additional testimony given by a deputy sheriff at the trial. Defendant did not testify and no evidence was offered in his behalf.

Defendant owned and operated a pool hall, in which there were two telephones—one on the cigar counter and the other without a number on it, on a shelf under the counter. A deputy sheriff entered the pool hall about 3 p. m. on April 6, 1951, and saw the defendant, who was behind the counter, talking on the telephone which was on the counter, and he saw the defendant, at that time, put a magic slate on the counter and write on the slate. When defendant finished that conversation he talked on the telephone which was under the counter, and then he lifted the two top sheets of the magic slate. According to testimony, when the top sheets of the magic slate are lifted the writing on the slate disappears. During the half hour the deputy sheriff was there, he saw the defendant answer the counter telephone about five times and each time the defendant looked at a scratch sheet which was on the counter, and on two of those occasions he wrote on the slate. After each of the calls, the defendant called someone on the telephone which was under the counter. About 3:30 p. m., the officer saw the defendant talking on the counter

telephone and moving a pencil over the slate, and when he hung up the receiver and reached for the telephone under the counter, the officer approached the defendant. Then the defendant walked toward the officer, and the officer arrested him and picked up the slate upon which there was writing as follows: "715-1XX" and "595-1XX" and "Wilmos." The slate with that writing on it was received in evidence. About five minutes after the arrest, the officer answered the counter telephone, and someone asked for Phil. The officer replied that Phil had gone to the rear of the room, that it was Frank speaking, and everything was all right. The caller said, "This is Lou. I want 67, one to win, and I want 96, two to win." Soon thereafter he answered the telephone again, and someone asked for Phil. The officer replied that Phil had gone, that he was Frank and that everything was all right. The caller said, "I want the 7th race at Bay Meadows, 15, four to win."

Another deputy sheriff, who had entered the room about 3:30 p. m., answered the telephone, and the caller said, "Give me two to win on Hygro's Wonder in the 7th race at Santa Anita." That deputy took a sheet of paper from defendant's person, upon which paper there were four names and opposite each name there was a number.

One of the officers, who had been attached to the vice detail four years, testified that he had made thousands of bookmaking investigations and that he was familiar with the paraphernalia used by bookmakers in Los Angeles County and with their practices and manner in keeping bookmaking records; that in his opinion the writing which was on the magic slate was the recordation of wagers on horses; that in his opinion the name "Wilmos" on the slate was the name of the bettor; that a magic slate is commonly used by bookmakers to temporarily record a bet and then when the bet is telephoned to a phone spot the top portion of the slate is lifted and there is no evidence of a bet on the slate; that the scratch sheet (taken from the counter) showed that in the seventh race at Bay Meadows the 15th horse listed was "Hygro's Wonder"; that in his opinion the sheet of paper, which was taken from defendant, was a payoff sheet indicating the names of persons who had won wagers and the amounts of money to be paid to them. He also testified that defendant said that he did take some telephone action bets over the telephone, that the magic slate and scratch sheet were his, that the writing on the slate was his writing, that he got his results by radio, and that the bets he handled amounted to approximately $100

a day. He also testified that there was a radio in the pool hall, and that the only betting marker he found was the magic slate.

The evidence is clear that the defendant occupied a room with paraphernalia for the purpose of recording and registering bets on horse races, as charged in count I. It is also clear that he recorded a bet on a horse race, as charged in count II. The appeal is wholly without merit.

The purported appeals from a judgment, sentence, and verdict are dismissed. The order denying the motion for a new trial is affirmed.

Shinn, P. J., and Vallée, J., concurred.