[Crim. No. 4807. Second Dist., Div. Two. July 25, 1952.]

THE PEOPLE, Respondent, v. CYNTHIA J. JONES, Appellant.

Horace Appel for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was accused by information of violating section 337a, subdivisions 2 and 4, of the Penal Code, by keeping a store with books, papers, and paraphernalia for the purpose of recording and registering bets upon the result of a trial and contest of skill, speed and power of endurance between horses and in the second count thereof by registering bets. The case was submitted upon the record made before the committing magistrate. Before the last named court only two witnesses testified, to wit, Officer Halliburton who arrested appellant, and Donn Mire, an examiner of questioned documents, both of whom testified on behalf of the People.

It appears that about 3:15 p. m. Officer Halliburton took a position across the alley from the cleaning shop operated by appellant. He saw her seated near the front at a low counter when a man entered and received a scratch sheet from some clothes hanging on a rack. Accompanied by appellant the man approached and stood near a small table where they studied the contents of the sheet. The visitor handed appellant a small roll of currency and she made a notation on a piece of paper which she rolled, and walked toward the rear window of the shop where she bent over. The gentleman took his departure and she returned to her work. Subsequent to the stranger's leaving, Officer Halliburton observed appellant bend down on a number of occasions. At 4:45 p. m. another stranger entered the shop and as his predecessor had done, took a scratch sheet from the clothes on

the rack, sat by the table where he examined it. He finally placed currency on the table which appellant appropriated, as she made notations on a small piece of paper. She bent over near the same window and on rising approached her patron. Thereupon Officer Halliburton and his associate entered the shop and found appellant reading a scratch sheet which she threw under the counter. This was promptly recovered by the officers who searched the premises. They found nothing but a dustpan and several empty bottles under the rear window where appellant had been bending down. On closer inspection they discovered the hollow handle of the dustpan contained several pieces of paper with handwritten notations thereon which were received in evidence as Exhibit B. Appellant denied knowledge of the papers, and declared that the dustpan had been there for some time. The shop contained a radio and telephone, and on the table there were other white slips of paper of about the same size as those found in the dustpan handle.

The scratch sheet contains lists of horses running at various tracks throughout the country, their handicap positions, the jockeys' names, probable odds, probable post times, post positions, how the horses ran in previous races and the favorite on the day of appellant's arrest. Officer Halliburton was qualified as an expert on the equipment commonly employed by bookmakers in recording wagers and bets on horse races. His testimony was that a betting marker is a piece of paper on which a person making or accepting a wager on a horse race will record the track, the horse and the race the horse is in, the bettor's initial or some identifying code number, and the amount wagered. He testified that the papers found in the handle of the dustpan were betting markers and that they contained notations of horses by handicap position. While the officer did not see the papers as appellant wrote upon them and since they bore no date, he could not say they were records of races run on the day of the arrest, but from the circumstances in evidence, the court was warranted in drawing the inference that they were such records. The markers were of the same size as the pieces of paper handed by appellant during her transaction with her visitors and the names of the tracks were indicated by the initial letter of the names of each of them. A handwriting examplar was taken from appellant and the witnes Mire testified that the memoranda on the betting markers is that of appellant.

The evidence establishes that the premises occupied by

appellant were maintained for the purpose of recording bets upon horse races and that appellant registered bets on such races. She accepted money from two different customers after they had consulted a scratch sheet for the day. She made a betting marker on a piece of paper in each instance and inserted the markers in the handle of the dustpan. On being decoded by the officer it was learned that a bet on a certain race had been placed by each of the patrons who had called on the afternoon of her arrest. The occupancy of the shop by appellant is not disputed. That by her using the room and by selling and recording bets she violated both subdivisions 2 and 4 of section 337a* is proved by substantial evidence. She made no attempt to explain or deny the evidence adduced against her, although she could reasonably be expected to do so inasmuch as the facts were within her knowledge. From such failure to testify, the trier of fact was privileged to consider her conduct as tending to indicate the truth of the evidence "and as indicating that among the inferences that may reasonably be drawn therefrom those unfavorable to the defendant are the more probable." (*People* v. *Steccone*, 36 Cal.2d 234, 239 [223 P.2d 17].) Not only were the notations on the betting markers hers, but she had other blank slips in her pocket identical with those which had been used to record the bets. Such evidence, taken with the testimony that the visitors both paid appellant money before she registered

---

*"Every person . . . 2. Who, whether for gain, hire, reward, or gratuitously, or otherwise, keeps or occupies, for any period of time whatsoever, any room, shed, tenement, tent, booth, building, float, vessel, place, stand or inclosure, of any kind, or any part thereof with a book or books, paper or papers, apparatus, device or paraphernalia, for the purpose of recording or registering any bet or bets, or any purported bet or bets, or wager or wagers, or any purported wager or wagers, or of selling pools, or purported pools, upon the result or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast, or between men, beasts, or mechanical apparatus, or upon the result, or purported result, of any lot, chance, casualty, unknown or contingent event whatsoever; or . . . 4. Who, whether for gain, hire, reward, or gratuitously, or otherwise, at any time or place, records, or registers any bet or bets, wager or wagers, upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast, or between men, beasts, or mechanical apparatus, or upon the result or purported result, of any lot, chance, casualty, unknown or contingent event whatsoever; . . . Is punishable by imprisonment in the county jail or state prison for a period of not less than thirty days and not exceeding one year. This section shall apply not only to persons who may commit any of the acts designated in subdivisions 1 to 6 inclusive of this section, as a business or occupation, but shall also apply to every person or persons who may do in a single instance any one of the acts specified in said subdivisions 1 to 6 inclusive."

their bets leaves no factor absent from the record that is essential to a conviction on both counts. (*People* v. *Jerman,* 29 Cal.2d 189, 195 [173 P.2d 805]; *People* v. *Renek,* 105 Cal.App.2d 277, 283 [233 P.2d 43]; *People* v. *Cohen,* 107 Cal.App.2d 243, 244 [236 P.2d 837]; *People* v. *Foley,* 108 Cal.App.2d 514, 517 [238 P.2d 1023].)

The contention is made that occupancy for the purpose of recording bets was not established; that the officer testified to only one race scheduled at Jamaica track. Proof of many races is not material to the issue. The question was whether the accused had and used paraphernalia for recording bets. Guilt is not avoided where not even one race is run. The statute forbids the maintenance of such equipment for registering bets on a purported contest.

Proof of recording the bets of her two patrons is abundant. She kept the blank sheets; she made notations upon them in the view of the officer, and they were betting markers. She deposited them in the handle of the dustpan. Making them as she did after receipt of currency for which no explanation was given, no inference is apparent other than that she prepared the betting markers. (See authorities last cited; also, *People* v. *Tenedor,* 107 Cal.App.2d 581, 584 [237 P.2d 679].)

Order denying motion for new trial affirmed.

McComb, J., and Fox, J., concurred.