[Crim. No. 5218.   Second Dist., Div. Three.   Dec. 6, 1954.]

THE PEOPLE, Respondent, v. ALFONSO McKAY LAMA, Appellant.

Russell E. Parsons, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Jay L. Shavelson, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant Lama was charged with the unlawful possession of heroin in violation of section 11500 of the Health and Safety Code. It was further alleged that defendant had suffered three prior convictions in the years 1941, 1942 and 1949, for violations of the same section or its predecessor, section 11160. Upon arraignment defendant entered a plea of not guilty and denied the prior convictions. He was subsequently rearraigned and admitted each prior conviction. The cause was called for trial and a jury duly sworn. Defendant was found guilty and filed an application for probation. Probation was denied; motion for new trial was also denied. He was sentenced to state prison. Defendant appeals. The record has been augmented to include jury instructions given and refused and those portions of the argument of counsel which were objected to or assigned as error or misconduct at the time they were made.

On January 17, 1954, at about 10:45 p. m., police arrived at defendant's apartment, rang the buzzer and were admitted. One Willie Holder was observed sitting on a wall bed. Both defendant and Holder were searched by the officers, but no narcotics were on their persons. After searching both men, officers searched the apartment and, under the bed upon which Holder had been sitting, they found a large tub containing a paper cone (a "bindle"), in which there was a quantity of white, powdery substance weighing about 13 grams which was proved to be heroin. The bindle in which the heroin had been found was sent to the fingerprint department for determination as to whether there were any usable prints thereon. No evidence was introduced as to fingerprints.

Willie Holder testified for the defendant that he brought the heroin to defendant Lama's apartment that evening, and showed it to defendant, who examined it and stated that it looked like milk sugar and then handed it back. He testified that when the police rang the buzzer, he threw the bindle into the washtub under the bed while defendant answered the door. Upon cross-examination Holder admitted that he had been convicted of several felonies including a narcotics violation and that he was, at the time of testifying, under sentence for a narcotics violation. He at first stated to officers that the narcotic was not his, but later stated that it was. He testified he found the white powder under a carpet on the stairs of his building while he was searching for a hypodermic needle and wished to seek defendant's opinion as to whether it was heroin; that if it was, he intended to use it himself; that

he took the powder to defendant because he had known him several months and had discussed narcotics with him. The witness stated that he was under the influence of narcotics at the time of the events testified to. The arresting officer testified that Holder had not at any time stated that the narcotic was his but had in fact denied ownership at all times. Defendant did not testify.

Defendant's principal contention is that there was insufficient evidence to justify the verdict. He urges that there was no evidence from which it could reasonably be inferred that he had ''immediate and exclusive dominion and control over the narcotic,'' quoting from the statement of the court in *People* v. *Gallagher*, 12 Cal.App.2d 434 [55 P.2d 889]. If defendant had possession at all it was immediate possession and control. Although it was not upon his person it was in his apartment, he knew it was there and could have put his hand upon it whenever he wished. He had it in his hand but parted with it either by handing it back to Holder or throwing it into the tub. If he had only taken it to inspect it solely for the purpose of answering Holder's question and with no intention of keeping it the possession, in a legal sense, would have been that of Holder and not of defendant. But both Holder and defendant could have had possession of the drug. If the evidence and the reasonable inferences therefrom established that the drug was under the joint dominion and control of both Holder and defendant both were guilty of possession. If Holder's testimony was true, he alone had possession but the court had ample reason for disbelieving his testimony. He admitted on the stand that he had first denied to the officers that the heroin belonged to him although he testified that before they left the apartment he repudiated that statement and claimed that it did belong to him. It is unnecessary to point out the other features of his story with respect to his having found the drug and brought it to defendant for the latter's opinion with respect to its identity. Manifestly the court did not believe Holder's testimony. Admittedly defendant was a drug addict. The case then was of one drug addict bringing heroin to the apartment of another, discussing the substance with the latter, the substance remaining and being found by arresting officers in a location in the room to which either of the two would have access. Both could have been guilty of possession. (*People* v. *Torres*, 98 Cal.App.2d 189 [219 P.2d 480].) We think the court was not required to believe that the two users intended that the one

who brought the drug to the apartment of the other intended to take it with him when he left. Upon the contrary, it would have been a reasonable inference that it was understood and intended that the substance was brought to the apartment for the joint use of the two addicts. There was evidence that the defendant took keys from his pocket, laid them on a table and that the officers found that one of them was a key to the apartment door. Defendant was searched by the officers and was arrested. There was no evidence that he made any explanation of the presence of the narcotic. As we have mentioned, defendant did not testify. The court was justified in believing that the searching and arrest of the defendant was at least the equivalent of an accusatory statement which called for some denial or explanation by the defendant. The failure of the defendant to testify was a circumstance which weighed against the presumption of his innocence and lent support to the inferences which indicated his guilt. Sufficient has been said to distinguish the present case from those in which there was evidence that the narcotic was found in the automobile or apartment of the accused but no evidence whatever that the accused had knowledge of its existence or of any incriminating statement or any circumstance tending to prove such knowledge.

A second contention of the defendant is that the deputy district attorney was guilty of misconduct in his argument to the jury. The statement to which objection was made at the trial was to the effect that there was evidence that the heroin had a value of several hundred dollars. It was an erroneous statement but obviously made in good faith. Moreover the statement was related to an immaterial and inconsequential matter. There was no misconduct in making the statement nor did it result in any harm to the defendant.

The judgment and order denying a new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.