[Crim. No. 5865.   Second Dist., Div. One.   June 10, 1957.]

THE PEOPLE, Respondent, v. THOMAS M. RODRIGUEZ, Appellant.

Harrison M. Dunham for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

FOURT, J.—In an information filed in Los Angeles County on August 3, 1956, the defendant, with Gene Paul Adair, was charged with a violation of section 11500, Health and Safety Code, in that they did, on or about July 14, 1956, have in their possession certain *cannabis sativa* (marijuana), and that prior to the commission of the offense alleged defendant had, in 1948, been convicted of a violation of section 11500, Health and Safety Code, and in 1951, was convicted of a violation of section 11500, Health and Safety Code, and served a term of imprisonment therefor in the state prison. The defendant pleaded not guilty and denied the prior convictions. At the trial the defendant and counsel for both sides waived a jury trial and the defendant's case was submitted on the transcript of the preliminary hearing. The defendant was found guilty as charged and the prior convictions were found to be true as alleged, and thereupon he was sentenced to the state prison. This appeal is from the judgment of conviction.

The facts, as unfolded by the evidence, are substantially as follows: Stanley Fletcher, a deputy sheriff, some time before noon on July 14, 1956, received information from Sam Shapiro, who owned the property at 406¾ South Maple Street, Montebello, that a young man, described as tall and slim, had rented this property on June 17, 1956, and that such person had used the name of D. R. Myers; that Shapiro visited the property July 13, 1956, and observed that the back door was open; he talked to different tenants and was informed that they had seen no one entering or leaving the premises since it was rented; Shapiro went inside and the establishment appeared to be deserted; he found three suitcases, two in a linen closet and one in a clothes closet; upon opening one of the cases he found 10 bags containing a green leafy substance, and in another case he found the same substance; Shapiro took one of the bags to the Montebello police department.

After receiving the information above set forth, Fletcher went to the Montebello police department and examined the contents of the bag and observed that it appeared similar to the plant marijuana or cannabis sativa. Fletcher, with other officers, then set up a surveillance at the property. When they arrived at the property, about 1 o'clock p. m.,

Fletcher and Fain, another officer, examined the three suitcases and dusted all of them with a fluorescent powder. Afterwards they replaced the cases where they had found them.

At about 4 o'clock p. m., Fletcher saw appellant go to the rear of the property, where he was out of sight for a short period of time, and thereafter he departed. At about 8:30 or 9 o'clock p. m. the officers saw a tall slim man approach the property and then walk away rapidly. At about 10:05 o'clock p.m., Fletcher saw defendant and Adair approach the door. Fletcher and Sergeant Cole, an officer, went to the rear door, which was open. Deputy Fain and Officer Wiseman went to the front door. Fletcher went into the house and upon turning on his flashlight, saw Adair approaching the kitchen from the front room, carrying a small red and yellow suitcase and a large yellow and brown case. Appellant was in the bathroom. The defendants were placed under arrest. Fletcher examined both of them with an ultraviolet quartz lamp, which demonstrated that each of the defendants had traces of fluorescent powder on his hands and arms. Immediately upon being apprehended the appellant stated, in the presence of his codefendant Adair, "The kid is innocent. It is all my stuff." Adair told the officers he was only helping Rodriguez move the suitcases; however, he knew that they contained marijuana. Adair also stated that he did not rent the facility.

Rodriguez testified in his own behalf at the trial in the superior court and stated that he had known Adair for about 10 months before the arrest and that Adair had telephoned him and asked that he assist him in moving from an apartment on Maple Street. Further, that the arrangement was that he would meet Adair between 3:30 and 4 o'clock p. m. When he arrived at the property there was no one present, so he returned to his home. Rodriguez further testified that on the evening in question Adair had asked him to help him (Adair) move. In consideration of the assistance he was to render Adair, the latter was to give him some gears for his automobile. Rodriguez also testified that when they arrived at the house on Maple Street, Adair directed him to the closet and asked him to pick up the suitcases; that he picked up the suitcases, put them down on the floor and then went to the bathroom. Rodriguez stated that at that point the officers entered the establishment. He denied any knowledge of the contents of the cases and denied that he had said to the officers, "The kid is innocent; it is all my stuff." Rodriguez did recognize the contents of the cases as being marijuana

when the officers turned their flashlights upon it. On cross-examination he admitted the two prior convictions.

Defendant contends that the evidence is insufficient, as a matter of law, to sustain the judgment of conviction. The most which can be said in his behalf is that the evidence is conflicting. The trial court believed Officer Fletcher and disbelieved the defendant as to the essential elements of the offense.

We are required to view the evidence taken in the light most favorable to the respondent, and all intendments are in favor of upholding the judgment of the trial court.

It is, of course, true that it is essential to the crime with which he was charged that the defendant have physical or constructive possession, coupled with knowledge of the presence and narcotic nature of the substance. (*People* v. *Winston*, 46 Cal.2d 151, 161 [293 P.2d 40].)   "To show such knowing possession the conduct of the parties, admissions or contradictory statements and explanations are frequently sufficient." (*People* v. *Foster*, 115 Cal.App.2d 866, 868 [253 P.2d 50]; *People* v. *Brickman*, 119 Cal.App.2d 253, 263 [259 P.2d 917].)   Evidence of other acts of similar nature are admissible when not too remote in order to show *guilty knowledge* of the possession of marijuana by defendant. (*People* v. *Denne*, 141 Cal.App.2d 499, 511 [297 P.2d 451].)

Considering all of the facts of this case, it is clear that there was ample and sufficient evidence to support the conclusions reached by the trial court.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.