[Crim. No. 6696. Second Dist., Div. Two. Oct. 27, 1959.]

THE PEOPLE, Respondent, v. DORA VALENZUELA et al.,
Defendants; FIDEL MARTINEZ NIREA, Appellant.

James P. Del Guercio for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

HERNDON, J.—Fidel Nirea and Dora Valenzuela were jointly charged with possession of heroin. After entering pleas of not guilty, defendants waived jury trial and their causes were submitted on the transcript of the testimony taken at the preliminary hearing. Both defendants were found guilty. As to Nirea, charges of three former felony convictions (robbery in 1948, escape in 1949, and possession of narcotics in 1955) were found to be true, and he was sentenced to state prison. Nirea alone appeals, advancing the single contention that the evidence of his possession of the contraband is insufficient to sustain the conviction.

On October 8, 1958, Police Officers Virgin, Pace, and Appier went to a hotel building at 2407½ North Broadway in Los Angeles. Appier and Virgin stationed themselves outside the building. Appier stood directly beneath a second-floor room on the northwest corner of the building, and Virgin stood underneath a window on the north side. Pace proceeded up the stairs to the second floor. Thereupon, Virgin heard a loud pounding on the door above his head and then heard a male voice in the room above him state "Who is there?" Officer Virgin heard Sergeant Pace say "Police Officers." The male voice inquired "What?" and Sergeant Pace stated again "Police Officers." At that time the window directly above Officer Virgin's head opened and defendant Valenzuela leaned out the window and "made a backward throwing motion of a blue object." Sergeant Appier caught this object before it hit the ground. Upon examining the object which Appier had caught, the officers found it to be a blue box containing a spoon, a cigarette package which contained an eyedropper, a needle, one full gelatin capsule containing a whitish powder subsequently identified as heroin, one partially filled gelatin capsule and one empty gelatin cap.

Officers Virgin and Appier then entered the hotel and went up to Room 5 where Sergeant Pace was standing in the doorway. They placed defendant Valenzuela under arrest and asked defendant Nirea if he lived there. When Nirea answered in the affirmative, the officers placed him under arrest for narcotics violation. Upon entering the room Officer Virgin asked defendant Valenzuela if she had thrown the blue package out of the window. She made no answer.

Later, Valenzuela was asked if she had any more narcotics in the house and she replied "No, that is all I have. We have no more in here." The officer then asked Nirea if he had any more narcotics in the house and he replied: "We are not peddlers. We are just users, and that is all we have. You will find nothing but a spoon and a needle in that box." It was indicated that in giving this answer Nirea had reference to the blue box which Officer Appier had caught.

Upon entering the hotel room, the officers observed that defendant Valenzuela was naked from the waist up and apparently was about to put on a brown dress. Nirea was clothed only in a pair of khaki pants. Besides the clothing he was wearing, appellant had a pair of brown pants hanging in an alcove that was used as a closet. A pair of men's shoes was observed by a chair in the middle of the room. After the officers entered the room, Nirea repeatedly stated: "We are not peddlers. We are just users. We haven't got any narcotics."

Upon a search of the room, the officers found another gelatin capsule in the top drawer of a dresser. They also found two rent receipts in a dresser drawer, one of which was dated October 4, 1958, and the other dated September 27, 1958, each for $11, and which recited "Received from Fidel Nirea" and were signed by Pearl Hill.

The testimony of Dora Valenzuela was self-incriminating and tended to exonerate Nirea. She testified in substance that she was a narcotics user, that Nirea was not aware of the fact, and that she had concealed her addiction from him. She testified that at the time of the arrest, Nirea was living with his sister around the corner from her apartment; she admitted that Nirea gave her money with which to pay the rent, but insisted that he was not living with her. Nirea denied knowledge that Valenzuela had thrown the box containing heroin from the window.

We conclude that the evidence above summarized is entirely sufficient to support the findings implied in the judgment of

conviction. ■ As stated in *People* v. *Robarge,* 151 Cal. App.2d 660, 667-668 [312 P.2d 70] : ''. . . The law is now well settled that to sustain a conviction [of possession] . . . , the prosecution must prove possession of the narcotic and knowledge of the presence and narcotic character of the article allegedly possessed. [Citations.] ■ These essential facts may, however, be established by circumstantial evidence and reasonable inferences that may be drawn therefrom (*People* v. *Lunbeck,* 146 Cal.App.2d 539, 541 [303 P.2d 1082]).'' (See also *People* v. *Gory,* 28 Cal.2d 450, 456, 457 [170 P.2d 433] ; *People* v. *Rodriguez,* 151 Cal.App.2d 598, 601 [312 P.2d 272] ; and *People* v. *Van Valkenburg,* 111 Cal.App.2d 337, 340 [244 P.2d 750].)

■ And as stated in *People* v. *Vice,* 147 Cal.App.2d 269, 274 [305 P.2d 270] : ''In regard to the question of possession, the cases hold that the narcotics need not be found on the person of the defendant, it being sufficient if such articles are deposited in a place under the possession and control of the accused.'' (See also *People* v. *Lunbeck, supra*; *People* v. *Robarge, supra.*) ■ In addition, the fact that other persons had equal right and facility of access to the premises does not negative a finding of joint possession and control. (*People* v. *Vice, supra*; *People* v. *Van Valkenburg, supra*; *People* v. *Lama,* 129 Cal.App.2d 391 [276 P.2d 816].)

■ Evidence of other acts of similar nature are admissible when not too remote in order to show guilty knowledge on the part of the defendant. (*People* v. *Denne,* 141 Cal.App.2d 499, 511 [297 P.2d 451] ; *People* v. *Rodriguez, supra*; *People* v. *Robarge, supra*; but *cf. People* v. *Antista,* 129 Cal.App.2d 47 [276 P.2d 177].)

■ The evidence in this case is more than adequate to sustain a finding that appellant lived in the apartment. His presence in the room when the box containing heroin was thrown from the window was clearly proven. The contents of the box and the contents of the dresser drawer constituted significant evidence. Appellant's own statement with reference to the contents of the box ''. . . *that is all we have. You will find nothing but a spoon and a needle in that box''* (emphasis added) amounts to a significant admission not only of his possession, but of his knowledge of the contents of the box thrown from the window of his room. His further admission that he was a narcotics user and the fact of his comparatively recent conviction on a narcotics charge afforded additional

substantial support for the trial court's finding. Taken in combination, the various circumstances proved were more than ample to sustain a finding that the contraband had been under the joint dominion and control of both defendants, and that appellant had knowledge of its presence and character.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.