[Crim. No. 8341. Second Dist., Div. Three. Apr. 17, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. ELDON BUEL AKARD, Defendant and Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Joseph T. Forno for Defendant and Respondent.

FILES, J.—After a preliminary hearing an information was filed containing three counts charging defendant with violation of Penal Code, section 337a, subdivisions 1 (bookmaking), 3 (receiving money wagered on a horse race), and 4 (recording a wager). Defendant moved under Penal Code, section 995, to set aside the information upon the ground that he had been committed without probable cause. The motion was granted and the People have appealed from the order.

The sole witness at the preliminary hearing was a police officer. Counsel stipulated he was an expert in the manner in which bookmaking is conducted in Los Angeles County, and in the signs, symbols and paraphernalia commonly used. About 11:20 a.m. on January 18, 1962, the officer observed defendant meet a man in the doorway of an un-

occupied hotel in downtown Los Angeles. Defendant handed this man some money. Defendant then entered a café, where he was approached by another man. This man had a conversation with defendant during which defendant removed from his pocket a scratch sheet (National Daily Reporter) which they both consulted. A moment later the man took currency from his pocket. As defendant started to leave, a cook behind the steam table called to him. Defendant went to the cook and handed him the scratch sheet and they had a conversation. The cook then handed the scratch sheet back to defendant and handed him money, which defendant pocketed.

The officer then followed defendant as he proceeded to a nearby bar. Here again defendant had a conversation with an unknown man. Defendant then went to the rear of the bar and placed his scratch sheet and a pad of paper on top of some beer cases. He consulted the scratch sheet and made notations on the pad.

The officer then placed defendant under arrest and examined the pad. The pages of the pad were, in the officer's opinion, betting markers of a type commonly used by bookmakers in this county. These markers contained notations which the officer interpreted to be records of wagers on certain horse races which were referred to in the scratch sheet.

A search disclosed that defendant was carrying $105 in $1.00 and $5.00 bills.

Defendant's counsel argued, both in the superior court and here, that there was no probable cause for the arrest and that the evidence at the preliminary hearing was insufficient to justify the magistrate in holding defendant to answer. No authority has been cited in support of defendant's contentions in either court.

■ "Probable cause for an arrest is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." (*People* v. *Fischer,* 49 Cal.2d 442, 446 [317 P.2d 967].)

■ Penal Code, section 872, provides that the magistrate must hold the defendant to answer if "it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof."

"Sufficient cause" to hold a defendant to answer has been defined in terms of "probable cause." (*Robison* v. *Superior Court,* 49 Cal.2d 186, 188 [316 P.2d 1].)

In conducting a preliminary hearing the magistrate is required to pass upon the weight of the evidence and the credibility of witnesses in determining whether "sufficient cause" has been established. When the superior court reviews this decision under Penal Code, section 995, the superior court may not substitute its judgment as to the weight of the evidence at the preliminary hearing, nor may the superior court judge the credibility of the witnesses who testified at the preliminary hearing. (*People* v. *Swansboro,* 200 Cal.App. 2d 831, 835 [19 Cal.Rptr. 527].)

Applying these standards, we conclude that the evidence before the magistrate was sufficient to support his determinations (a) that the officer's observations justified his entertaining a strong suspicion that defendant was plying his trade as a bookmaker on the morning of January 18, 1962, and (b) that the evidence of what the officer saw before the arrest, together with the notations on the betting markers and the roll of small bills discovered as a result of the lawful arrest, constituted sufficient cause to hold defendant to answer. (Cf. *People* v. *Smith,* 113 Cal.App.2d 416 [248 P.2d 444]; *People* v. *Jones,* 112 Cal.App.2d 430 [246 P.2d 683]; *People* v. *Tenedor,* 107 Cal.App.2d 581 [237 P.2d 679].)

The order is reversed.

Shinn, P. J., and Ford, J., concurred.