JEFFERSON, J.
Following a preliminary hearing, defendant Thomas Cole and a codefendant were held to answer to the charge of possession of marijuana (Health & Saf. Code, § 11530). An information charging them with this offense was subsequently filed. Cole then moved in the superior court, under section 995 of the Penal Code, to dismiss the information as to him. His motion was granted. The People appeal pursuant to Penal Code, section 1238 subdivision 1.
The prosecution introduced this evidence at the preliminary hearing. Los Angeles Police Officers Sawyer and Vuchas received information, on August 19, .1966, from two officers of the sheriff’s department, that a person named Sam and a female friend called Dee possessed about half a kilo of mari *235 juana which was for sale. The officers were informed that Sam and Dee lived in Apartment 9, at 2025 Argyle Avenue, Hollywood. At 3:40 a.m. on the same date, Sawyer and Vuchas went to the apartment to attempt to make a buy. They were both in plainclothes.
Apartment 9 was on the ground floor of the apartment building just off the patio area. When they arrived there the lights were on in the apartment. Through the closed curtains of a window Sawyer was able to observe that three or four people were seated around a table in the living room. He approached the front door. Standing next to the door he could smell what appeared to be the odor of burning marijuana coming from within the apartment. Vuchas, in the meantime, went over near a window which was slightly ajar. He could also smell the odor of burning marijuana coming from inside. After standing by the front door for a short time Sawyer knocked on the door. It was opened by a person named Brennan (one of two minors who were in the apartment). The odor was much stronger when the door was opened. The officer asked for Sam. Brennan stated that Sam and Dee had been kicked out of the apartment two hours before for voicing their opinion against the manager. Sawyer then asked Brennan if he knew where he could get some marijuana. The latter replied that he (Sawyer) “would be surprised. ’ ’ Sawyer then asked him if he had any marijuana he wanted to sell. Brennan stated “Heck, no. We’re rolling the seeds now. Can’t you smell the stinking odor?”
At this point the officers identified themselves and entered the apartment. Sawyer observed a cigarette rolled at both ends and an envelope lying on a coffee table. The table was located in front of a couch. He examined the envelope and found it contained seeds, stems and other green leafy material resembling marijuana. There were, burned seeds and debris which appeared to be marijuana in an ashtray. When Sawyer entered the apartment defendant Cole was seated on the couch. Officer Vuchas noted that the eyes of each of the four persons in the apartment were dilated and that they gave the appearance of being drugged. He could not detect any odor of alcohol on any of them. After making these observations, the officers arrested Cole, his codefendant and the other two persons for possession of marijuana.
A stipulation was entered into that the handrolled cigarette and the contents of the envelope were marijuana.
In granting the motion under section 995, the superior *236 court concluded that the evidence in the record of the preliminary hearing did not support the magistrate’s decision to hold Cole to answer. More particularly, the court indicated that there was no evidence which tied defendant to the charge other than the fact he was present in the room where the contraband was found.
The magistrate must hold a defendant to answer (under Pen. Code, § 872), where it appears from the preliminary examination that a public offense has been committed, and there is sufficient cause to believe the defendant has committed it. (People v. Akard, 215 Cal.App.2d 182, 184 [30 Cal.Rptr. 69].)
“It is axiomatic that in considering the propriety of a motion to set aside an information pursuant to section 995 of the Penal Code, the reviewing court may not substitute its judgment as to the weight of the evidence for that of the committing magistrate. And if there is some evidence in support of the information, the court will not inquire into the sufficiency thereof. [Citations.]” (Perry v. Superior Court, 57 Cal.2d 276, 283 [19 Cal.Rptr. 1, 368 P.2d 529].)
Was evidence presented here supporting the magistrate’s conclusion that there was sufficient or probable cause to believe that defendant was guilty of the charge against him? The answer, we conclude, must be in the affirmative.
The essential elements of the crime of possession of marijuana—namely, proof of possession of the narcotic coupled with knowledge of its presence and narcotic character •—may be established by circumstantial evidence and reasonable inferences which may be drawn therefrom. (People v. Valenzuela, 174 Cal.App.2d 759, 762 [345 P.2d 270].)
The testimony of the two officers establishes that, when they arrived at the apartment where defendant was arrested, he was one of four persons seated together in the living room; the odor coming from inside the apartment indicated one or more of them had been smoking marijuana; upon inquiry, one of those present in effect acknowledged the presence of marijuana by stating, “We’re rolling the seeds now”; the marijuana cigarette and the envelope containing marijuana were found lying, in plain sight, on a table in front of the couch where defendant was seated when the officers entered; finally, one of the officers observed that all four persons in the room appeared to be in a drugged state. This testimony provided ample evidence to support a *237 finding that there was sufficient cause to believe defendant was in possession of marijuana.
The order is reversed.
Files, P. J., and Kingsley, J., concurred.