[Civ. No. 32352.    Second Dist., Div. Four.    Jan. 2, 1968.]

STEVEN ANGELO PINIZZOTTO, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

584

Alex Goldberg for Petitioner.

No appearance for Respondent.

Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

McCOY, J. pro tem.*—Petitioner seeks a writ of prohibition to restrain the respondent court from taking further proceedings upon an information which charges him with possession of marijuana (Health & Saf. Code, § 11530).

Petitioner was arraigned upon a verified complaint filed in the municipal court and a preliminary examination was set. The People were not ready to proceed with the preliminary hearing at the time set and, upon petitioner's motion, the complaint was dismissed. Petitioner was rearrested immediately after he left the courtroom. His counsel and the deputy

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

district attorney then entered into a stipulation that the dimissal might be set aside with the consent of the court and petitioner would not be rebooked. Petitioner was returned to the courtroom. A motion pursuant to the stipulation was made by the People and granted by the court. Preliminary hearing was reset for a later date at which time petitioner's counsel again moved to dismiss the action, this time on the ground that the court had no jurisdiction of the subject matter after the case had been dismissed. The motion was denied and the preliminary hearing was had on the original complaint. Petitioner was held to answer. The information was filed and a motion to set it aside on the ground that the petitioner had been committed without probable cause (Pen. Code, § 995) was denied. Petitioner then filed the instant petition for prohibition.

As grounds for the issuance of the writ the petition sets forth both statutory grounds for setting aside an information in the superior court on a motion under Penal Code, section 995, to wit: (1) that before the filing of the information petitioner had not been legally committed by a magistrate, and (2) that he had been committed without reasonable or probable cause. In respect to the first ground, the contention is that the original complaint was dismissed, no new complaint was filed, and that, in the absence of a complaint, the court had no jurisdiction and the consent, waiver, or estoppel of the parties could not confer jurisdiction. In respect to the second ground, the contention is that the only evidence presented at the preliminary hearing which would establish probable cause to believe petitioner was guilty of the crime charged was obtained by unlawful search and seizure incidental to his unlawful arrest and admitted over his objection on that and other grounds. We granted the alternative writ in the belief that there was merit in the latter contention.

The transcript of the preliminary examination reflects the following facts. About 12:45 a.m. on August 16, 1967, Police Officer Jackson O'Neal was staked out in a residential area in Downey surveying the area near a 1955 Chevrolet which was parked on the street. He had information that the automobile was registered to a person who lived in another area of Downey and that a person in a white T-shirt had been seen near the car. A car drove into the area and pulled to a stop. Two persons exited from the vehicle and ran northbound across the street disappearing through a pedestrian passageway which led to a restaurant. In a matter of seconds, one

person, subsequently identified as Paul Forster, ran back southbound toward the waiting car. He was wearing a white T-shirt. The officer turned up the lights of the police car and drove forward, whereupon Forster looked in the direction of the police car and then took an object from his right front pocket and threw it into a nearby area covered with ivy. The officer honked his horn. Forster stopped and approached the police car. The officer got out, conducted a pat-down search for weapons, and questioned him. Forster identified himself and stated that the occupants of the car were returning from Long Beach to their various homes in Downey. His explanation of the throwing gesture was that he had been combing his hair as he ran back to the car. The officer directed Forster to remain by the police vehicle, and requested a private citizen who had been riding with the officer in the police car to watch Forster and make a radio call for police assistance. The officer then proceeded to the car in which Forster had been riding which was about 15 feet distant.

While the foregoing action was taking place petitioner and a passenger had remained seated in the car waiting for Forster. Petitioner was in the driver's seat and the other passenger was in the right front seat. The officer asked for their identification and requested them to step out of the vehicle. They complied although questioning the officer as to what crime they had committed and whether he had a search warrant. The officer did not respond to their questions. In the course of the conversation petitioner stated that the car was registered to his father. He gave a story similar to that of Forster that they were returning from the beach area. He denied having ''anything in the vehicle that he shouldn't have.'' When the officer asked him if he would mind if he looked in the vehicle, he stated, ''No, I don't care.'' The officer then looked through the car with a searchlight. He found two screwdrivers but nothing ''of a suspicious nature.'' A record check confirmed that the car was registered to a person with the same last name as petitioner.

Sergeant Denton arrived at the scene and shortly thereafter Officer Wyatt arrived. The only facts which Officer O'Neal communicated to them were that he had seen the two persons running northbound from the car and had seen Forster returning southbound, and that the latter threw something into the ivy. Sergeant Denton, among others, searched the area of the ivy and retrieved a piece of filmlike plastic material containing green leafy material that resembled mari-

juana. He then placed all three suspects under arrest after which Sergeant Denton and Officer Wyatt searched the car in which they had been riding. None of the three gave permission for the search. The officers found on the back seat of the car a piece of plastic material which was similar to the plastic material recovered in the area of the ivy. Upon opening the console glove box between the front seats with a screwdriver, Officer Wyatt found some seeds and burnt stems which appeared to be marijuana. Officer Wyatt took possession of the items. In booking petitioner at the police station Officer O'Neal made a search of petitioner's person and found in his shirt pocket a minuscule quantity of a green leafy substance which appeared to be marijuana. The officers had no warrants to arrest or search.

Exhibits introduced by the People were identified by Officer O'Neal and Sergeant Denton as the physical evidence found in the ivy (Exh. No. 1) and in the car (Exh. Nos. 2 and 4), and petitioner's shirt pocket (Exh. No. 3). Officer Foster, who had received some training in the identification of marijuana by miscroscopic examination, testified that he had examined the exhibits of plant subtance under a microscope and was of the opinion that they were marijuana. No evidence was presented to account for the chain of possession between the time the physical evidence was recovered and the time of the hearing. In seeking to suppress the evidence as to the marijuana, petitioner's counsel also objected to the admission of the evidence found in the car on the ground that the People had failed to show the chain of possession from the time the evidence was taken into possession by Officer Wyatt, who did not testify, to the time of its identification at the hearing.

█ The magistrate must hold the defendant to answer where it appears from the competent evidence presented at the preliminary examination that a public offense has been committed and there is sufficient cause to believe the defendant had committed it. (Pen. Code, § 872.) Any incompetent evidence must be excluded from consideration. (*Badillo* v. *Superior Court*, 46 Cal.2d 269, 271-272 [294 P.2d 23].)

█ When it is contended that commitment was without probable cause, the reviewing court must therefore determine : (1) What evidence in the record, if any, should have been excluded from consideration, and (2) whether the evidence remaining supports the magistrate's conclusion that there was sufficient or probable cause to believe that defendant was guilty of the charge against him. (*People* v. *Cole,* 255 Cal.

App.2d 237, 240 [62 Cal.Rptr. 874].) The first question must be determined in light of the exclusionary rules. The second question requires that the court, drawing every legitimate inference arising from the evidence in favor of the information, determine "if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." (*Rideout* v. *Superior Court,* 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197].)

■ The essential elements of the crime of possession of marijuana are dominion and control thereof coupled with knowledge of its presence and narcotic character. (*People* v. *Valenzuela,* 174 Cal.App.2d 759, 762 [345 P.2d 270].) ■ It is well established that the search of a place open to the public is not an unlawful search. (*People* v. *Hilliard,* 221 Cal.App.2d 719, 724 [34 Cal.Rptr. 809]; *People* v. *Reed,* 210 Cal.App.2d 80, 83-84 [26 Cal.Rptr. 428]; *People* v. *Montes,* 146 Cal.App.2d 530, 533 [303 P.2d 1064].) Applying these rules in the present case, it is clear that the contraband discovered in the ivy was not the product of an unlawful search and seizure. It appears from the record that the area was a part of a lawn within a few feet of a public passageway and street to which the public had access. The small package retrieved by the officer contained used butts and fragments of marijuana cigarettes. Inasmuch as this evidence was lawfully obtained, it was properly considered by the magistrate. If this evidence, taken together with the other facts and circumstances, but excluding the evidence obtained in the search of the car and petitioner's person, was sufficient to support the conclusion of the magistrate, it would be unnecessary to determine whether those searches were lawful. ■ We conclude, however, that it is not sufficient. The circumstances raise no rational ground for assuming that petitioner had any dominion or control over that item, or knowledge of its presence and narcotic character. There was no evidence that the occupants of the car had any prior connection with the use or possession of marijuana. There was no furtive conduct on their parts. They made no inconsistent statements. There is no evidence that they were known to the officers or that the officers had any other information as to them. On cross-examination Officer O'Neal testified that he did not smell the odor of marijuana and he did not form the opinion that any of the suspects were under the influence of anything. Petitioner's counsel sought to bring out any other information which the officers might have had as to the character of the

neighborhood, the purpose of the stakeout, and other matters which were relevant to the issue of probable cause, but the People's objection on the ground that these matters were irrelevant was sustained.

■ To be liable as an abetter a defendant must have instigated or advised or have been present for the purpose of assisting. (*People* v. *Villa,* 156 Cal.App.2d 128, 133-134 [318 P.2d 828].) ■ The fact that petitioner drove Forster to the location and apparently was waiting for his return falls short of proof that he was aiding and abetting Forster. That circumstance alone was not enough; there must have been some additional circumstance from which it could be inferred that petitioner had knowledge of Forster's criminal actions. (Cf. *People* v. *Grischott,* 107 Cal.App.2d 631 [237 P.2d 712] ; *People* v. *Silva,* 143 Cal.App.2d 162, 169 [300 P.2d 25].)

We think this case is distinguishable from the case where the contraband is found in the presence of more than one person in an automobile or in a house. In *Rideout* v. *Superior Court, supra,* 67 Cal.2d 471, it was held that a committing magistrate could reasonably have concluded that petitioners had possession of marijuana and knowledge of its presence where it was found secreted in an ordinary cigarette package in the space behind the back seat of a car and a matchbook folded in a circular formation to form a device used to hold the end of marijuana cigarettes was found on the floor of the back seat and the petitioners were sitting on the back seat of the car. In *People* v. *Cole, supra,* 255 Cal.App.2d 237, this court reversed an order of the superior court which dismissed an information charging defendants with possession of marijuana. In that case we held that the committing magistrate could reasonably have concluded that petitioner had dominion and control of marijuana and knowledge of its presence and narcotic character where defendant was one of four persons seated together in the living room of an apartment in which police observed marijuana lying in plain sight on a table in front of the couch where defendant was sitting, smelled the odor of burning marijuana, an officer observed that all four persons in the room appeared to be in a drugged state, and one of those present made a statement which in effect acknowledged the presence of marijuana. The evidence in the present case raises none of the inferences which could be drawn in the cited cases.

In respect to the legality of the search of the automobile, as we understand the contentions of the People, they assert that whether petitioner was so connected with marijuana (appar-

ently that found in the ivy) as to justify his arrest and a search incidental thereto, and whether the search of the car after petitioner was arrested was justified on the basis of the consent given by petitioner to Officer O'Neal before the marijuana was discovered in the ivy patch, were factual issues which, the committing magistrate having determined them adversely to petitioner, cannot be disturbed by a reviewing court. In the present case the question is whether the evidence is sufficient to justify a finding that petitioner consented to the second search of the automobile under his control, or sufficient to support a finding that the officers were justified in arresting petitioner and conducting a search of his car and person as an incident thereof. There is no conflict in the facts or in the inferences arising therefrom. The question is what legal conclusions may be drawn from them.

█ A consent to one search does not authorize a subsequent second search. (See *People* v. *Gorg,* 45 Cal.2d 776, 781-783 [291 P.2d 469].) In the present instance the record shows that when Officer O'Neal asked petitioner during his detention if he could "look" in the car, the petitioner's answer was sufficient to imply that he consented to the officer looking through the car at that time. Officer O'Neal never communicated to the other officers that petitioner had allowed him to look through the car or that, in fact, he had looked through the car. While the knowledge of one officer may in general be imputed to others with whom he works, in light of the evidence here it cannot be said that the two officers who made the subsequent search were acting upon the consent of the petitioner.

This brings us to the question of whether the search of the car was an incident to a lawful arrest. █ The reasonableness of an officer's decision to make an investigation or to make an arrest is to be determined by looking at the facts and circumstances presented as they appeared to the officer at the time he acted. (*People* v. *Simon,* 45 Cal.2d 645 [290 P.2d 531]; *People* v. *Ambrose,* 199 Cal.App.2d 846, 849 [19 Cal. Rptr. 102]; *People* v. *Murrietta,* 251 Cal.App.2d 1002, 1004 [60 Cal.Rptr. 56].) █ Clearly, there was probable cause for the officers, upon the discovery of the marijuana in the ivy, to detain all of the suspects and to arrest Forster. (*People* v. *Hilliard, supra,* 221 Cal.App.2d 719; see *Jennings* v. *Superior Court,* 66 Cal.2d 867 [59 Cal.Rptr. 440, 428 P.2d 304].) For the reasons mentioned earlier, the facts and circumstances known to the officers at the time of petitioner's arrest, however, did not justify his arrest.

"Searches of a parked automobile generally contemporaneous in time with the arrest but merely in the general vicinity of the point of arrest have been repeatedly upheld as incident to the arrest involved." (*People* v. *Fritz*, 253 Cal.App. 2d 7, 15 [61 Cal.Rptr. 247], and see cases cited therein.) The cases, however, have been cases in which the arrestees were the owners or at least there was some evidence that they had the use and control of the vehicle immediately prior to the arrest. Here there was no evidence tending to show that Forster had any dominion or control of the vehicle, that the contraband which formed the basis for probable cause to arrest Forster had been transported in the vehicle, or that petitioner was ever connected with the contraband. It is our opinion that the search of the car cannot be justified as an incident to the arrest of Forster or on probable cause to believe that it contained contraband.

Inasmuch as it is our view that the evidence obtained from the car and upon the search of petitioner was the product of illegal search and seizure and that the remaining evidence is insufficient to support the conclusion of the magistrate that there was probable cause to believe that petitioner had committed the offense charged, we have concluded on this ground that the writ should issue.

While we are inclined to believe that for all practical purposes the proceedings taken to vacate the dismissal amounted to the refiling of the original complaint and thereby gave the court jurisdiction to proceed, we observe from the record that the petitioner presented extensive evidence in defense and was denied the right to cross-examine the prosecution's witnesses on subjects which were relevant to the issue of probable cause. (See *Jennings* v. *Superior Court, supra,* 66 Cal.2d 867.) However, the petition for the writ fails to show that petitioner's motion under Penal Code, section 995, was also made on the ground that he was illegally committed and we therefore do not consider that question. Petitioner did not object to the lack of evidence on the chain of possession of the marijuana found in the ivy. We have not considered the question raised in respect to the lack of a showing as to the chain of possession of the evidence found in the search of the car. (See *People* v. *Lugo,* 203 Cal.App.2d 772, 775-777 [21 Cal.Rptr. 871], on this point.)

Let the peremptory writ of prohibition issue as prayed.

Jefferson, Acting P. J., and Kingsley, J., concurred.