[Crim. No. 5797. Second Dist., Div. One. June 11, 1957.]

THE PEOPLE, Respondent, v. DONALD PAUL ROBARGE, Appellant.

*Assigned by Chairman of Judicial Council.

Eugene V. McPherson, Joseph A. Armstrong and Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WHITE, P. J.—An information filed by the district attorney of Los Angeles County charged defendant with a violation of section 11500 of the Health and Safety Code, in that on or about February 20, 1956, he unlawfully had in his possession flowering tops and leaves of Indian Hemp (*cannabis sativa*), commonly referred to as marijuana. The information further alleged a prior conviction of the crime of robbery and a prior conviction of section 11500 of the Health and Safety Code. Following denial of a motion to set aside the information pursuant to section 995 of the Penal Code, defendant entered a plea of not guilty. The prior convictions alleged were subsequently admitted. When the cause was called for trial a jury was duly waived and it was stipulated that "the People's case may be submitted on the testimony taken at the preliminary examination as it is contained in the transcript of that proceeding, subject to any objections that counsel made there, or any additional objections that he wishes to make here; and that either side may offer additional testimony if desired." Defendant was found guilty of the offense charged against him and sentenced to state prison. From the judgment of conviction he prosecutes this appeal.

Concerning the factual background surrounding this prosecution the record reflects that defendant had previously been convicted of the crime of robbery on December 2, 1947, and on July 23, 1952, was found guilty of a violation of section 11500 of the Health and Safety Code. He was released on parole from the state prison on March 2, 1955. Two of the conditions of his parole were that he notify the parole officer of any change in his address, and that he not have marijuana or any narcotic in his possession.

On February 20, 1956, Frank Robert Haydis, parole officer, Adult Authority of the State of California, was the defendant's parole officer. On that date Officer Haydis had a conversation with the defendant's ex-wife. Mrs. Robarge told him that the defendant had moved from his address at Norwalk, (which address his parole officer had), approximately two to three weeks before, and had established residence in Carl's Motel at 12124 Atlantic Boulevard in Compton. Mrs. Robarge told Officer Haydis that she had talked to the defendant at about the time of the move, that the defendant had informed her that while he was living with his sister or sister-in-law in Norwalk, the sister-in-law had discovered a paper sack with marijuana in his room. She had requested him to move because of the presence of her children. The parole officer, accompanied by Officer Lyons, went to Carl's Motel at about 6 p. m. They went to Room 7, which was registered to defendant, and knocked on the door, but received no answer. They then contacted the owner of the motel who opened the room and let them enter. Both officers thereupon searched the room. Officer Haydis found a white paper-wrapped cigarette (People's Exhibit 1) in a pocket of a semi-dress blue shirt which was hanging in a closet of the apartment. The shirt was admittedly owned by the defendant. Four or five minutes after the discovery of the cigarette, Officer Lyons found some cigarette papers which he showed to Officer Haydis. Immediately after the discovery of these items, Officers Lyons and Haydis went to the manager's office and telephoned the Firestone Sheriff's Office. They then returned to the apartment. Officer Haydis took the cigarette with him and turned possession over to Mr. Erven and Mr. Bailey, Sheriff's Officers from the Firestone Station.

Clifford Erven, a Deputy Sheriff assigned to Firestone Park Sheriff's Station, placed the cigarette given to him by Officer Haydis in a small envelope and put the envelope into his pocket. The cigarette paper was either given to him

by Officer Haydis or picked up by the witness after Officer Lyons called his attention to it in the motel apartment.

The Deputy Sheriff had Officers Lyons and Haydis initial the envelope.

The defendant was arrested on February 20 as he got out of a borrowed car at the apartment at 12124 South Atlantic in the East Compton area. He was wearing a suede jacket (People's Exhibit 2) at that time. Deputy Sheriff Erven folded the jacket inside out in a newspaper and turned it over to Patrol Sergeant Sewards of the Firestone Park Sheriff's Station, along with the blue shirt from the apartment and the small envelope which he sealed and stapled, containing the cigarette to be placed in the evidence locker.

Los Angeles County Deputy Sheriff Frank Vacio who was assigned to the Narcotic Detail, had a conversation with the defendant on February 22, 1956. The latter's statements were free and voluntary. Deputy Sheriff Vacio asked defendant if the marijuana cigarette was his. The defendant denied this. He was then asked if the blue shirt in which the marijuana cigarette had been found belonged to him. The defendant stated, "Yes."

Deputy Sheriff Vacio inquired as to the usage of marijuana on the part of the defendant and the latter stated that he had used marijuana a few times since his release from prison. The defendant, when asked if anyone else had worn the shirt said no, it had been a Christmas present and he had been the only person to wear it.

Martin Kline, forensic chemist in the Los Angeles County Sheriff's Criminological Laboratory, examined the cigarette (People's Exhibit 1) and testified that it contained a green leafy material which were portions of cannabis sativa (marijuana). The chemist also examined the aforesaid brown suede jacket which defendant admitted was his, and in the pockets thereof found debris and several marijuana leaf fragments.

Sworn as a witness for the defendant, Patricia Robarge testified she was the wife of defendant's brother, LeRoy Robarge. That she lived at 9609 Adoree Street, Downey, in Los Angeles County, and was acquainted with defendant. That she was also acquainted with defendant's ex-wife. That defendant lived at her home for about a year following his parole in early 1955. That at no time while defendant was residing at her home did she ever see him in possession of marijuana. The witness further denied that she ever told defendant's ex-wife that she (the witness) ". . . had found

marijuana in his (defendant's) possession, and had to force him to leave the place."

As a witness in his own behalf, defendant testified that the aforesaid jacket and shirt belonged to him. He denied any knowledge of the cigarette found in his shirt or of the debris and several marijuana leaf fragments found in the pockets of his jacket. He testified that at no time did he violate the terms of his parole by the use or possession of narcotics.

As his first ground for reversal of the judgment, appellant contends that the search of his room and the seizure of the incriminatory evidence therein contained was without reasonable or probable cause; therefore in violation of his constitutional rights and should have been excluded at the trial.

■ Appellant concedes that because he was on parole, thereby being *in custodia legis,* the question whether the search by the parole officer was illegal is largely governed by the special character of the relation between such officer and his parolee, analyzed ably and with great clarity by Mr. Justice Fox, speaking for the court in *People* v. *Denne,* 141 Cal.App.2d 499, 507-510 [297 P.2d 451], and wherein it is said at page 510, ". . . By accepting the privilege of parole a prisoner consents to the broad supervisory and visitorial powers which his parole officer must exercise over his person and property until the term of his sentence shall have expired or been terminated. . . . ■ Having constructive custody of his prisoner at all times, there is nothing unreasonable in a parole officer's search of the prisoner's premises where, as here, he has reasonable cause to believe the parole has been breached. . . ." (See also *People* v. *Triche,* 148 Cal.App.2d 198, 202 [306 P.2d 616].)

However, in the case now engaging our attention, appellant contends that notwithstanding the constructive custody which the parole officer had over him at all times as his prisoner, the officer in the instant case did not have reasonable cause to believe that appellant had breached his parole. With this we cannot agree.

■ "The term, reasonable or probable cause, has been defined: 'By "reasonable or probable cause" is meant such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion, that the person accused is guilty.' (*In re McCarty,* 140 Cal.App. 473, 474 [35 P.2d 568].)

■ "The term, probable, has been defined as meaning 'having more evidence for than against; supported by evi-

dence which inclines the mind to believe, but leaves some room for doubt.' (*Ex Parte Heacock*, 8 Cal.App. 420, 421 [97 P. 77].)'" (*People* v. *Novell*, 54 Cal.App.2d 621, 623 624 [129 P.2d 453].)

With the foregoing rules in mind, we find that the record discloses that the two conditions imposed upon appellant when he was granted parole were that:

(1) He notify his parole officer of any change of address;
(2) He not have marijuana or any narcotic in his possession.

Parole Officer Haydis was informed by appellant's ex-wife that the former had violated both conditions of his parole. That he had moved from his sister-in-law's home, his address of record with the parole authorities, two to three weeks before. He had told her at about the time of the move that the move was requested by his sister-in-law after she found a sack containing marijuana in his room. The officer also knew that appellant was on parole after conviction of a violation of the narcotics statute. (Health & Saf. Code, § 11500).

That reasonable cause to justify an arrest may consist of information obtained from others, and is not limited to evidence that would necessarily be admitted at the trial on the issue of guilt is now well settled (*Trowbridge* v. *Superior Court*, 144 Cal.App.2d 13, 17 [300 P.2d 222]).

Appellant earnestly contends that no attempt was made to prove the reliability, if such there was, which should be attached to the hearsay testimony of the informant. We are satisfied that while this might go to the weight to be given the testimony it does not entirely destroy the probative value thereof when it is remembered that the information received by the parole officer was not mere surmise but a direct statement that the informant had talked with appellant who told her of his change of address and the reason therefor. With this information, coupled with the officer's knowledge that appellant was on parole for a narcotics conviction, together with confirmation of his violation of parole when the officer found appellant had changed his address without notification to the parole authorities, we are persuaded that the parole officer, under the facts of the instant case, was justified in making the search of appellant's abode and seizing the contraband found therein.

Appellant's claim that there was no showing that the officers went to the motel to look for him nor that they had in mind apprehending him before the search is answered by the fact

that the record is silent as to whether this is the only information received from Mrs. Robarge, (ex-wife of appellant), or, if other information had been received, whether or not it had been reliable. Similarly the record is silent as to the officer's motive in going to the motel. We are satisfied that the evidence presented to the court justified the conclusion that reliance thereon was reasonable and would lead a man of ordinary caution and prudence to believe and conscientiously entertain a strong suspicion that the appellant had breached his parole. Credence to this information is added by the fact that the appellant had previously been convicted of possessing marijuana.

In support of the proposition that information must come from an informer who had previously proved reliable, appellant relies on the cases of *People* v. *Thymiakas,* 140 Cal.App.2d 940 [296 P.2d 4]; *People* v. *Gonzales,* 141 Cal. App.2d 604 [297 P.2d 50], and *Willson* v. *Superior Court,* 46 Cal.2d 291 [294 P.2d 36]. However, in each of these cases the informer was anonymous. His name was not revealed at the trial. In the Willson case, *supra,* the informer was unknown even to the police. He was an individual who, unsolicited, gave the information acted upon to the chief of police. The court stated that information from an anonymous informer may not be the sole basis of an arrest. In such cases, additional factors such as identity of, or past experience with, the informer; other similar information; or observation of the police, must buttress the anonymous information. In the recent case of *People* v. *Goodo,* 147 Cal. App.2d 7 [304 P.2d 776], while volunteered information was given by an identified informant, the police had no previous dealings with the informer. In the cited case, the court said, at page 8, ''It appears that the officers had not previously known Bruce or had any contact with him and that they did not know his reputation or any other fact which would assist in evaluating his reliability. . . .'' Manifestly, in the instant case there were present ''other facts'' namely the source of the information, as distinguishable from an unknown voluntary informant as well as knowledge of appellant's prior narcotics conviction.

Finally, appellant contends that there is no evidence of possession by appellant of any marijuana in that there is no probative showing that he lived in Room 7 at 12124 Atlantic, where the contraband was discovered. The law is now well settled that to sustain a conviction in the instant case,

the prosecution must prove possession of the narcotic and knowledge of the presence and narcotic character of the article allegedly possessed (*People* v. *Gory,* 28 Cal.2d 450, 456, 457 [170 P.2d 433] ; *People* v. *Winston,* 46 Cal.2d 151, 161 [293 P.2d 40] ; *People* v. *Denne, supra,* p. 510). ■ These essential facts may, however, be established by circumstantial evidence and reasonable inferences that may be drawn therefrom (*People* v. *Lunbeck,* 146 Cal.App.2d 539, 541 [303 P.2d 1082] ). ■ And, "In regard to the question of possession, the cases hold that the narcotics need not be found on the person of the defendant, it being sufficient if such articles are deposited in a place under the possession and control of the accused. (Citing cases.)" (*People* v. *Vice,* 147 Cal.App.2d 269, 274 [305 P.2d 270].)

■ With regard to guilty knowledge on the part of the appellant, this case is strikingly similar to the case of *People* v. *Denne, supra.* Appellant herein had previously been convicted of possession of narcotics, in 1952. He was released on parole on March 2, 1955. The appellant admitted he had used marijuana several times since his release from the state prison. The suede jacket, worn by the appellant at the time of his arrest, contained marijuana leaf fragments in both the left and right pockets of the jacket. The marijuana cigarette was found in the pocket of the appellant's blue shirt. All of these circumstances and the inferences reasonably to be drawn therefrom impress us that the finding of the trier of facts based thereon cannot be strictured as unreasonable and without justification.

■ We are further satisfied that the possession and custody of the room here in question by the appellant was sufficiently established by the testimony of Parole Officer Haydis that it was appellant's room, the finding of the blue shirt containing the marijuana in a closet of that room, when the shirt was admittedly owned by the appellant, and worn by no one else; and the arrest of the appellant as he got out of a car at the apartment.

The judgment is affirmed.

Doran, J., and Fourt, J., concurred.