[Crim. No. 5493. First Dist., Div. Three. Oct. 17, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. MAHLON F. QUILON, Defendant and Appellant.

Leal A. Grupp, under appointment by the District Court of Appeal, for Defendant and Appellant.

Paul N. Halvonik and Marshall W. Krause as Amici Curiae on behalf of Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Jay S. Linderman, Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, J.—Appellant, having been convicted of violation of section 11530 of the Health and Safety Code because of his possession of marijuana, and having admitted prior convictions for possession of narcotics and furnishing narcotics to a minor, appeals. He does not challenge the sufficiency of the

evidence, but asserts (1) that the contraband was obtained by an illegal search, and (2) that the sentence is unconstitutional, illegal and unjust.

### The Search

At the time of the arrest, appellant was on parole. His parole officer, Mr. Padgett, received a call from Officer Wong of the Federal Narcotics Bureau. Mr. Wong said he had information that appellant was peddling narcotics. This evidence was received only in its relation to the subsequent search. Mr. Wong asked whether the federal officers should get a search warrant or should accompany Padgett in his capacity as parole officer and conduct a search. Mr. Padgett checked with other parole officers and then replied, "I would just as soon go and make the visit with you fellows, so whenever you want to do it I would appreciate it if you would come by and pick me up at my office." Padgett and two federal officers then went to the residence of appellant. The three officers stood on a porch and Padgett rang the bell. Probably they could not be seen by appellant from the room in which he was, but they were, one of the officers testified, in full view of the landlady. For all that appears, they may have been in the range of vision of appellant as they approached the house, had appellant been looking out the window. Again, it is possible, for all we know, that appellant might have seen them had he come to the door. There is nothing in the record to show a positive act of concealment on the part of the officers.

Appellant looked out his window and asked who was there. Padgett stepped back to a place where he could be seen by appellant and announced himself. Padgett, of course, was known to appellant and had visited his residence at other times. He had never conducted a search. Appellant buzzed the door open and all three officers entered. Padgett told appellant that he had two federal agents with him and that "we would like to make a search of the premises, because we suspected that there were narcotics on the premises." Appellant at first said he did not mind, but soon objected and demanded a search warrant. Padgett replied that as a parole officer he needed no warrant. No contention is made by respondent that the first answer by appellant, quickly retracted, constituted consent.

All three officers proceeded to search. The search took about an hour. A marijuana cigarette was found in a shirt pocket, and marijuana was found in a cheese container, by one of the federal agents. Padgett took part in the search. He opened

numerous drawers, looked in coat pockets and in any place where he thought narcotics might be concealed. Padgett, however, found no contraband.

The pertinent rules of law and our application of them to the case are as follows:

 1. A parolee does not stand discharged from prison, but merely serves the remainder of his sentence outside rather than within the prison walls. He is at all times *in custodia legis* and his physical apprehension by a parole officer is not an arrest. A search of his premises is not to be tested by the rules which apply to citizens who are possessed of full civil rights. (*People* v. *Denne,* 141 Cal.App.2d 499 [297 P.2d 451]; *People* v. *Triche,* 148 Cal.App.2d 198, 202-203 [306 P.2d 616]; *People* v. *Robarge,* 151 Cal.App.2d 660, 665-666 [312 P.2d 70]; *People* v. *Hernandez,* 229 Cal.App.2d 143, 150 [40 Cal.Rptr. 100].)

2. A parole officer needs neither a search warrant nor consent of a parolee in order to search the latter's premises. (*People* v. *Denne, supra*; *People* v. *Triche, supra*; *People* v. *Contreras,* 154 Cal.App.2d 321 [315 P.2d 916]; *People* v. *Gastelum,* 237 Cal.App.2d 205, 208-209 [46 Cal.Rptr. 743].) Nor does the requirement of reasonable or probable cause apply to a search conducted by the parolee's supervisor. (*People* v. *Hernandez, supra,* pp. 150-151.)

 3. The fact that a person is on parole does not in itself justify search by peace officers other than parole officers. (*People* v. *Gallegos,* 62 Cal.2d 176 [41 Cal.Rptr. 590, 397 P.2d 174].)

4. But when a parole officer is justified in making a search, he may have the assistance of ordinary peace officers. (*People* v. *Contreras, supra*; *People* v. *Triche, supra*; *People* v. *Hernandez, supra.*)

 Appellant argues that the parole officer was used as a "front" for the federal agents. He contends that these agents gained no rights by the presence of the parole officer and that the latter forfeited his special right to search by serving as an auxiliary to the narcotics officers. We need not decide whether, under any circumstances, this argument might be valid. In this case, although the original information came from the federal officers, the decision to make the search was that of the parole officer. He requested the agents to pick him up. He took command of the situation in announcing the purpose of the visit and in overruling appellant's protest. He took part in the search himself. Appellant's argument that Padgett was but an

ancillary because, in answer to a question about his own searching, he said, ''I helped,'' is not persuasive. Appellant makes much of the fact that the federal officers inquired of Padgett whether he would come as parole officer or, in the alternate, they should make a ''legal search.'' But we do not take this to mean, and surely the trial court need not have so taken it, that the search that was made was illegal. No doubt the officers were, in referring to a legal search, speaking of one made through the processes necessary as to persons not on parole.

It is the duty of a parole officer to prevent, so far as possible, the commission of crime by parolees under his supervision, not only for the protection of the public but also for sustaining the system of parole. (*People* v. *Hernandez, supra,* 229 Cal.App.2d at p. 149.) It is to be presumed that the officer acted in pursuance of this duty.

The fact that federal agents were parties to the search is no reason for diminution of the parole officer's rights and duties. A decent collaboration between state and federal officers is not censurable but commendable. It is conceivable, of course, that a parolee could be subjected to harassment by repeated searches instigated by officers, state or federal, who might persuade an overly compliant parole officer to help them. Entrusting of the searching power to a parole officer is, like the confiding of all of his powers, based upon faith in his integrity and judgment. [5b] We find no abuse of his powers in this case.

5. Trickery by officers in obtaining entrance to a place where they have no right to be in order to find contraband is unlawful, and in such case the contraband cannot be admitted in evidence. (*People* v. *Reeves,* 61 Cal.2d 268, 273 [38 Cal. Rptr. 1, 391 P.2d 393].) Appellant argues that entry by the federal agents was by a ruse, because the officers hid behind the entry of a privileged caller. But the constitutionally proscribed trickery is that in which an officer obtains entry by subterfuge to a place where he has no right to be. Stratagem in itself is not illegal; it may be used, for example, to gain entry in order to effect a lawful arrest. (*People* v. *Lawrence,* 149 Cal.App.2d 435, 446 [308 P.2d 821] ; *Leahy* v. *United States,* 272 F.2d 487, cert. den. 364 U.S. 945 [5 L.Ed.2d 459, 81 S.Ct. 465].) Padgett had a perfect right to enter. To have announced an impending search would have provided appellant with a possible opportunity of disposing of the contraband. To have announced the presence of

other officers probably would have had a like effect. Appellant had no constitutional right to dispose of evidence. (*People* v. *Maddox,* 46 Cal.2d 301, 306 [294 P.2d 6].) Lawful entry by the federal officers was not contingent upon appellant's consent. Padgett, the parole officer, had the right to invite them in, in the same way that the parole officer invited the narcotics agents to search the parolee's car in *People* v. *Hernandez, supra,* 229 Cal.App.2d 143. By their mere entry, the federal agents obtained no contraband. The plain view doctrine was not invoked. The search was conducted not by any subterfuge but by assertion of authority by the parole officer. No constitutional right of appellant was violated.

*The Sentence*

■ Appellant contends that section 11530 of the Health and Safety Code is unconstitutional because it imposes punishments that are cruel and unusual and which deny due process of law and equal protection. The section has been held constitutional as against the contention of cruel and unusual punishment. (*People* v. *Marsden,* 234 Cal.App.2d 796 [44 Cal.Rptr. 728].) The arguments of counsel on the other points show that the punishment for repeated offenses against the narcotics laws are indeed severe and that perhaps they exceed those for other crimes which, in the mind of the ordinary citizen or of the courts, might be deemed more heinous offenses. ■ But the decision of the punishment which is to be imposed against an offender in the light of the desirability of suppressing particular types of crime must be made by the Legislature.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied November 16, 1966, and appellant's petition for a hearing by the Supreme Court was denied December 14, 1966. Peters, J., Peek, J., and Mosk, J., were of the opinion that the petition should be granted.