[Crim. No. 14245.   Second Dist., Div. One.   Sept. 13, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. HAROLD MACKIE, Defendant and Appellant.

Mae Dowd Rau, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas E. Warriner, Deputy Attorney General, for Plaintiff and Respondent.

*Assigned by the Chairman of the Judicial Council.

FOURT, J.—Appellant herein appeals from a judgment of conviction of possession of a dangerous weapon by a previously convicted felon.

In an information filed in Los Angeles on February 23, 1967, Harold Mackie with codefendant Earl Hamilton was charged in count 1 with the burglary of a sportswear business on or about January 14 to January 16, 1967; in count 2 with codefendants Willie Brown and Hamilton with the burglary of a typewriter and business machine company on January 19, 1967; in count 3 with receiving stolen property between January 14, 1967, and January 20, 1967; and in count 4 he was charged with a violation of the dangerous weapons' control law (Pen. Code, § 12021) in that on January 20, 1967, he did have in his possession and under his control an automatic pistol when he, Mackie, had heretofore been duly convicted of burglary on or about August 17, 1962, in Los Angeles. Mackie pleaded not guilty to each count. Hamilton pleaded *nolo contendere* to count 1. By stipulation the cause as to Mackie was submitted upon the transcript of the proceedings had at the preliminary hearing, each side reserving the right to offer additional evidence. Brown was found guilty of burglary, and an alleged prior conviction in 1962 was found to be true. Mackie was found to be not guilty of the charges set forth in counts 1, 2 and 3, and guilty as charged in count 4. Mackie was sentenced to the state prison, the term to run consecutively with any other time to be served. A timely notice of appeal was filed by Mackie.

A résumé of some of the facts is as follows: Mackie, with Hamilton, was walking away from an automobile which the police believed contained some stolen property (business machines and typewriters). The police in the course of their investigation stopped Mackie and talked with him. Mackie told the police that he lived at an address on East 117th Street which was also the address of the registered owner of the car in question. Mackie was arrested. The police advised Otto Hall, Mackie's parole agent, of Mackie's arrest and of some of the circumstances with reference to some burglaries and Mackie's living arrangements. Hall talked with Mackie and ascertained that Mackie had violated the terms of his parole. Hall further was advised by the officers that several burglaries had occurred, that in a car registered to Mrs. Mackie there were several business equipment machines which had been stolen the day before, that Mackie had been seen walking away from the car. Hall apparently decided to ascer-

tain whether Mackie was further involved in the burglaries and made a search of the Mackie premises for several reasons, among them to find whether anyone else was living there, and if there were others, who they were, and whether any of the items of burglaries might be in the house. Hall with other police officers and Mackie entered the house. Wearing apparel from a sportswear store burglary was located in the house, as was a .45 automatic. Mackie told the officers that the gun belonged to his wife, that she was keeping it for "sentimental purposes" but that he had purchased the bullets for the gun. Later he told the officers that the gun was his, that he had won it in a poker game.

Appellant now asserts that the search was illegal, that the parole officer was unjustified in exercising his authority, that the search was not incident to his arrest and that no consent was given to make the search. There is no merit to any of appellant's contentions.

A parole officer has a right to search a parolee's living quarters in the event the officer has probable cause for believing that the parolee has violated the terms of his parole therein. Here Mackie himself in effect told Hall that he had violated his parole by living with Hamilton at the address in question. (See *People* v. *Denne,* 141 Cal.App.2d 499, 509-511 [297 P.2d 451]; *People* v. *Robarge,* 151 Cal.App.2d 660, 665 [312 P.2d 70].)

It was perfectly proper and reasonable for Hall to have police officers accompany him during the search of Mackie's living quarters. (See *People* v. *Gastelum,* 237 Cal.App.2d 205, 207-209 [46 Cal.Rptr. 743].)

There was no necessity for Hall and the officers to gloss over and neglect to see that which was contraband and obviously in possession and under the control of Mackie. (See *People* v. *Triche,* 148 Cal.App.2d 198, 202-204 [306 P.2d 616]; *People* v. *Thompson,* 252 Cal.App.2d 76, 85-86 [60 Cal.Rptr. 203].)

We have not gone so far afield in the criminal law as to hold that when a parolee admits to a violation of his parole, the officers must stop there and pursue the matter no further. There is no contention by the attorney general that the search was a consent search or that it was incident to a lawful arrest.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied October 10, 1968.