[Crim. No. 3258. Fourth Dist., Div. One. Mar. 14, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. COLUMBUS
WHITE, JR., Defendant and Appellant.

Barton C. Sheela, under appointment by the Court of Appeal, for Defendant and Appellant.

· Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jimmie E. Tinsley, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Columbus White, Jr., pleaded guilty to possessing a narcotic (Health & Saf. Code, § 11500) after the court denied his motion to suppress the heroin evidence found in a search of his dwelling. He appeals the judgment of conviction entered on his guilty plea, thus limiting the appellate issue to reviewing the validity of the search and seizure. (Pen. Code, § 1538.5, subd. (m).)

White was a parolee. John Larkworthy, White's parole officer was informed White possessed narcotics. Larkworthy would not disclose the source of his information. Larkworthy requested police assistance to search White's apartment. Larkworthy and another parole agent accompanied by a state narcotics agent and two policemen went to White's second story apartment. They entered an open door and found four people inside but not White. Looking out a window, Larkworthy saw White standing next to a parked car on the street below.

Larkworthy and Police Officer Myrann went downstairs to the street where Larkworthy asked White to accompany them back up to the apartment. White did so, they re-entered the apartment and went into the bathroom where a search revealed a container of heroin and narcotic paraphernalia. The officers did not have a search or arrest warrant.

The officers arrested White who resisted, was subdued and taken into custody. (A charge of battery on a police officer was dismissed on the People's motion when White pleaded guilty to possessing narcotics.)

 The sole contention on appeal is the officers' initial entry into the apartment was illegal because it was unannounced (Pen. Code, § 844) and the later search and seizure was tainted by that illegality making the heroin evidence inadmissible.

· Because White was on parole, his parole officer was entitled to search his apartment without a search warrant, consent or probable cause to arrest him. To conduct the search, the parole officer may have the assistance of ordinary peace officers (*People* v. *Quilon,* 245 Cal.App.2d 624, 627 [54

Cal.Rptr. 294]). A parole officer seeking to search a parolee's residence is not excused from complying with the requirement he demand admittance and explain the purpose for which admittance is desired. (Pen. Code, § 844; *People* v. *Rosales,* 68 Cal.2d 299, 303-304 [66 Cal.Rptr. 1, 437 P.2d 489].) A search following an unlawful entry is illegal and evidence found in that search inadmissible. (*People* v. *Rosales, supra,* page 305.) The People conceded the initial entry by the officers was illegal in the court below and the court accepted the concession. Whether the entry was in fact illegal is not before this court.

The evidence here was not found until after Larkworthy and Myrann contacted White on the street outside the apartment and re-entered in his company. It does not appear any search was conducted until after White accompanied the officers back into the apartment. The re-entry was not illegal since Penal Code, section 844 does not apply where officers enter a residence with the resident.

 An illegal entry does not necessarily render the entered premises immune to any later search. The question is whether the search is so connected with the illegal entry it constitutes an ''exploitation of that illegality.'' (*Wong Sun* v. *United States,* 371 U.S. 471, 487-488 [9 L.Ed.2d 441, 445-456, 83 S.Ct. 407, 417]; *People* v. *Bilderbach,* 62 Cal.2d 757, 766 [44 Cal.Rptr. 313, 401 P.2d 921].) The court below, by denying the motion to suppress, necessarily found the connection between the first entry and the search became so attenuated as to dissipate the taint of the concededly illegal entry. The record supports the court's determination. Nothing was learned or gained as a result of the first entry which supported, or was needed to support, the officers' later detention of White, the re-entry of the apartment and search of the bathroom.

When Larkworthy and Myrann withdrew from the apartment and accosted White on the street, they embarked upon independent investigative procedures unaided by any information gained by the illegal entry. Nothing was done to infringe White's limited rights as a parolee after he came upon the scene. The evidence seized in the course of these investigative procedures after Larkworthy and Myrann left the illegally entered apartment was sufficiently removed from the original illegality to remove that taint.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.