[Crim. No. 8041. First Dist., Div. One. July 9, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN MANUEL GAYTON, Defendant and Appellant.

## Counsel

Barry R. Hirschfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Eric Collins and William D. Stein, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**MOLINARI, P. J.**—Defendant appeals from a judgment entered and the sentence passed thereon following his plea of guilty to a charge of violating Health and Safety Code section 11530 (possession of marijuana). The notice of appeal is accompanied by a certificate of probable cause as prescribed by Penal Code section 1237.5.

Defendant asserts that his guilty plea was invalid because it was fraudulently induced by the prosecutor's false promise of leniency and that the guilty plea must be set aside because the record discloses that he did not understand his constitutional rights and because he did not have effective and competent counsel.

█ Adverting to the first contention, we observe that although defendant's guilty plea may be vitiated by his showing it to have been the product of unkept promises by the prosecutor (*People* v. *Wadkins,* 63 Cal.2d 110, 113 [45 Cal.Rptr. 173, 403 P.2d 429]; *People* v. *Coley,* 257 Cal.App.2d 787, 800 [65 Cal.Rptr. 559]; *People* v. *Phillips,* 263 Cal.App.2d 423, 426 [69 Cal.Rptr. 675]; *In re Williams,* 1 Cal.3d 168, 177 [81 Cal.Rptr. 784, 460 P.2d 984]), we do not here find of record, as defendant concedes, any evidence that the prosecutor or any public official here made any such

promise to defendant.[1] Accordingly, we are compelled to follow the time-honored rule that on appellate review, this court cannot consider matters outside the record before it. We must therefore totally disregard assertions of fact urged in defendant's brief for the first time. (*People* v. *Shaffer,* 182 Cal.App.2d 39, 45 [5 Cal.Rptr. 844]; *People* v. *Sorrentino,* 146 Cal.App.2d 149, 157 [303 P.2d 859]; *People* v. *Merriam,* 66 Cal.2d 390, 396-397 [58 Cal.Rptr. 1, 426 P.2d 161]; *People* v. *Gardner,* 71 Cal.2d 843, 849 [79 Cal.Rptr. 743, 457 P.2d 575].)

■ We turn next to defendant's assertion that the record does not show that he was aware of his constitutional rights at the time he plead guilty. Defendant relies on *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], which holds that it is error to accept a plea of guilty in the absence of a voluntary and intelligent waiver of his rights to a jury trial, to confrontation of adverse witnesses and to the protection against self-incrimination. (Pp. 242-244.) Such reliance is misplaced since *Boykin* applies prospectively only, that is, to guilty pleas entered after June 2, 1969, its effective date. (See *In re Tahl,* 1 Cal.3d 122, 133-134 [81 Cal. Rptr. 577, 460 P.2d 449].) In the present case the plea of guilty was entered on April 8, 1969.

The California law applicable prior to *Boykin* was to the effect that where a defendant is represented by counsel at the time of the plea, it is *presumed* that such counsel has adequately apprised the defendant of his sundry rights, and, accordingly, acknowledgment does not have to appear on the face of the record. (*People* v. *Emigh,* 174 Cal.App.2d 392, 395 [344 P.2d 851]; *People* v. *Loeber,* 158 Cal.App.2d 730, 735-736 [323 P.2d 136]; *In re Johnson,* 62 Cal.2d 325, 334 [42 Cal.Rptr. 228, 398 P.2d 420]; *People* v. *Evanson,* 265 Cal.App.2d 698, 701 [71 Cal.Rptr. 503]; *In re Tahl, supra,* 1 Cal.3d 122, 127, 129.) Here, defendant was represented by counsel. Therefore, the aforementioned presumption was applicable. Since defendant has not rebutted the presumption, nor attempted to do so, we are warranted in concluding that he was aware of his constitutional rights.

We also observe, moreover, that the record clearly discloses that defendant was asked if he understood his right to a jury trial and his right not to be compelled to testify against himself. Defendant was asked further whether, upon being aware of these rights, he still wanted to plead guilty. Defendant stated that he did desire to so plead. Defendant was finally

---

[1] The record shows that at the time of his plea defendant stated that his guilty plea was not prompted by anyone's promise of leniency.

asked if he fully understood that his guilty plea could result in a prison sentence. Defendant replied that he did so understand. It was only after these admonitions that defendant's guilty plea was accepted and entered. This state of the record indicates that the trial court complied with the *Boykin* requirements excepting for the advice with respect to the confrontation of adverse witnesses. Accordingly, in the light of the then existing California law, the trial court demonstrated a solicitude for defendant's rights beyond the duty imposed upon it—a solicitude which clairvoyantly came close to fulfilling the requirements of *Boykin*. Under these circumstances we perceive no error.

■ Defendant's final argument proceeds as follows: Since the search of defendant's house was clearly unreasonable (i.e., not based on probable cause nor incident to a lawful arrest), defense counsel's failure to object to the introduction of the evidence seized from that search or to make a Penal Code section 1538.5 motion to suppress such evidence denied defendant the effective assistance of counsel which the Fourth Amendment guarantees him, and in turn, therefore, is grounds for reversal.

In order to consider this contention we set out the pertinent factual background: Defendant was arrested as a parole violator outside of his home. Following the arrest the parole agent who made the arrest, accompanied by two sheriff's deputies, asked defendant's common law wife if he could search the house. She stated he could do so after he stated to her that he had the authority to make the search. As a result of the search heroin, methadrine, marijuana, and hypodermic equipment were found in defendant's bedroom.

■ We observe in preface that to warrant reversal for ineffective representation by counsel an *extreme* case must be shown. (*People* v. *Ibarra*, 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487]; *People* v. *Wein*, 50 Cal.2d 383, 410 [326 P.2d 457]; *People* v. *Doebke*, 1 Cal.App.3d 931, 937-938 [81 Cal.Rptr. 391].) Specifically, the party urging such grounds must demonstrate that counsel's lack of diligence or competence reduced the trial to a "farce or sham." (*People* v. *Ibarra, supra; People* v. *Wein, supra; People* v. *Robillard*, 55 Cal.2d 88, 89 [10 Cal.Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086]; *People* v. *Doebke, supra.*) ■ To this end it is the minimal duty of counsel to carefully investigate *all* possible defenses of fact and law that may be available to the defendant. Where counsel's failure to do so results in the failure to assert crucial and dispositive defenses, the defendant has been denied his constitutionally guaranteed right to the effective assistance of counsel. (*Powell* v. *Alabama*, 287 U.S. 45, 71 [77 L.Ed. 158, 171, 53 S.Ct. 55, 84 A.L.R. 527]; *People* v. *Ibarra, supra;*

*People* v. *Mattson,* 51 Cal.2d 777, 790-791 [336 P.2d 937]; *People* v. *McDowell,* 69 Cal.2d 737, 746 [73 Cal.Rptr. 1, 447 P.2d 97]; *People* v. *Lucas,* 1 Cal.App.3d 637, 642 [81 Cal.Rptr. 840]; *In re Williams, supra,* at pp. 170-171.)

█ In the light of the foregoing authorities it is clear that if the defense of illegal search and seizure was available to defendant and such defense could have been ascertained upon reasonable investigation and preparation, the failure to urge the defense could have the effect of reducing the plea proceedings to a farce and a sham. (See *People* v. *Ibarra, supra,* 60 Cal.2d 460, 465-466.) But this is not the case here. At the time of the instant plea of guilty there was ample authority in this state that a parolee's premises could be searched without his consent, without a search warrant, or without regard to probable cause. (See *People* v. *Denne,* 141 Cal.App.2d 499, 507-510 [297 P.2d 451]; *People* v. *Triche,* 148 Cal.App. 2d 198, 202-203 [306 P.2d 616]; *People* v. *Hernandez,* 229 Cal.App.2d 143, 150-151 [40 Cal.Rptr. 100]; *People* v. *Quilon,* 245 Cal.App.2d 624, 627 [54 Cal.Rptr. 294]; *People* v. *Thompson,* 252 Cal.App.2d 76, 84-85 [60 Cal.Rptr. 203] [cert. den. 392 U.S. 930 (20 L.Ed.2d 1388, 88 S.Ct. 2276)]; *People* v. *West,* 253 Cal.App.2d 348, 354 [61 Cal.Rptr. 216]; *People* v. *Taylor,* 266 Cal.App.2d 14, 17 [71 Cal.Rptr. 886].)[2] We here observe that this broad principle may have been narrowed in *In re Martinez* (1970) 1 Cal.3d 641 [83 Cal.Rptr. 382, 463 P.2d 734]. In that case the California Supreme Court stated, in a case in which it held that the Adult Authority was not subject to the Fourth Amendment and the *Dorado-Miranda* exclusionary rules, that it was not deciding under what circumstances, if any, a search of a parolee initiated by a parole agent in connection with his duties of parole administration was reasonable within the meaning of the Fourth Amendment even without a full showing of probable cause. (At p. 647.) In *Martinez,* the high court did recognize that the conditional nature of a parolee's freedom may result in a diminution of Fourth Amendment protection where justified by the legitimate demands of the operation of the parole process. (At p. 647, fn. 6.)

In the light of the state of the decisional law at the time defendant entered his plea, we cannot say counsel's representation was ineffective and the result of ignorance of the applicable law. Nor can it be said that he rendered the proceedings a sham and a farce because he failed to anticipate that the California Supreme Court would cast doubt upon the validity of

[2]The rationale of these cases is that a parolee is *in custodia legis* and is serving his sentence outside the prison walls by state grace rather than right. (See *People* v. *Thompson, supra,* at p. 85; *People* v. *Quilon, supra,* at p. 627; *People* v. *West, supra,* at p. 354.)

the broad principle announced by the intermediate courts in view of the denial of a hearing by the high court in several of those cases.[3]

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.

A petition for a rehearing was denied July 24, 1970, and appellant's petition for a hearing by the Supreme Court was denied October 1, 1970.

---

[3]A hearing by the California Supreme Court was denied in *Hernandez, Quilon, Thompson,* and *West.* We also note that certiorari was denied by the United States Supreme Court in *Thompson* (392 U.S. 930 [20 L.Ed.2d 1388, 88 S.Ct. 2276].)