[Crim. No. 31091. Second Dist., Div. Four. Mar. 22, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
JIMMY HOWARD, Defendant and Appellant.

## COUNSEL

Paul Halvonik, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Jonathan B. Steiner and Susan L. Burrell, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Kathleen M. Crain, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—Defendant was charged with receiving stolen property, in violation of section 496 of the Penal Code. After his motion to suppress evidence, brought under section 1538.5 of the Penal Code, was denied, he pled guilty and was sentenced to state prison. He has appealed; we affirm.

Defendant's guilt was shown by items discovered in his apartment in the course of a search, conducted under the circumstances hereinafter described. The sole issue on this appeal is whether that search was lawful. We hold that it was.

Defendant had been committed to the California Rehabilitation Center and, at the times herein involved, was on parole from that institution. One of the conditions of his parole was: "You shall submit to a search of your person, your residence and any property under your control upon request by your agent, any agent of the Department of Corrections or law enforcement officer."

Police officers had received information that defendant was trafficking in narcotics. They presented that information to defendant's parole officer, Lilbern Parker. Parker asked the officers to search defendant and his residence to verify that information. Pursuant to the request, the officers went to defendant's apartment, sought and were granted admittance, and, in the search that followed, discovered the stolen items on which the present prosecution was based.

■ It is well settled that, under parole conditions such as were here imposed on defendant,[1] his parole agent may, at any time, with or without suspicion, search the parolee and his residence. As the court said in *People v. Thompson* (1967) 252 Cal.App.2d 76, at pages 84-85 [60 Cal.Rptr. 203]:

■ "It is well established that although a parolee is entitled to basic rights entitling him to constitutional protection against arbitrary or oppressive official action (see *In re Jones,* 57 Cal.2d 860, 862 [22 Cal.Rptr. 478, 372 P.2d 310] and cases there cited; and see *Brown v. Kearney,* 355 F.2d 199, 200; *Martin v. United States,* 183 F.2d 436, 439; *United States v. Hallman,* 365 F.2d 289, 291) these rights are not necessarily tested by the same rules which apply to citizens who are possessed of full civil rights. (*People v. Hernandez,* 229 Cal.App.2d 143, 149-150 [40 Cal.Rptr. 100]; *People v. Denne,* 141 Cal.App.2d 499, 507-510 [297 P.2d 451]; *People v. Quilon,* 245 Cal.App.2d 624, 626 [54 Cal.Rptr. 294].)

"The rationale underlying this principle is that a parolee is at all times in *custodia legis.* Although he is not a prison inmate in the physical sense, he is serving the remainder of his term outside rather than within the prison walls. (*People v. Quilon, supra*; *People v. Hernandez, supra.*) Accordingly, so far as necessary for the maintenance of parole guardian-ship, the status of a parolee as a prisoner is no different than that of one who remains in confinement, and, therefore, for the purpose of maintaining the restraints and social safeguards accompanying such status, the correctional authorities who supervise the parolee on parole may subject him, his home and his effects to such constant or occasional inspection and search as may seem advisable to them. (*People v. Hernandez, supra*; *People v. Quilon, supra*; *People v. Denne, supra*; *People v. Triche,* 148 Cal.App.2d 198, 202-203 [306 P.2d 616]; *People v. Robarge,* 151 Cal.App.2d 660, 665-666 [312 P.2d 70].)

■ "In the light of the foregoing it has been held that a parole officer needs neither a search warrant nor consent of a parolee in order to search the latter's premises (*People v. Denne, supra*; *People v. Triche, supra*; *People v. Gastelum,* 237 Cal.App.2d 205, 208-209 [46 Cal.Rptr. 743]; *People v. Quilon, supra*), nor is he bound by the requirement of reasonable or probable cause in conducting a search. (*People v.*

---

[1]A parolee from CRC stands in the same position with respect to conditions imposing a consent to search as does a parolee from state prison. (*People v. Byrd* (1974) 38 Cal.App.3d 941, 945-946 [113 Cal.Rptr. 777].)

*Hernandez, supra,* pp. 150-151); *People* v. *Quilon, supra,* p. 627.)" (Italics in original.) It is also settled that a parole agent may, if he deems it advisable, enlist the aid of law enforcement officers in carrying out a permitted search. (*People* v. *Quilon* (1966) 245 Cal.App.2d 624, 626 [54 Cal.Rptr. 294], and cases there cited.)

We recognize that the cases have said that the police should not invoke the authority of a parole agent as a mere subterfuge for a search otherwise impermissible. But the record here shows no such situation. The officers, knowing of defendant's status, quite properly brought their information to the parole agent. It was the function of the agent to weigh the information thus presented to him and determine whether an immediate search was desirable. The record before us shows only that, in this case, the agent had, as a matter of his own decision, selected the course herein followed.

Since the search herein involved was lawful for the reason above expressed, we need not, and do not, determine whether the officers possessed sufficient information to have justified a search by them, not as agents of the parole officer but in their capacity as law enforcement officers.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 18, 1978.